UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>R&Q REINSURANCE COMPANY,<br><br>Defendant. | Case No. 16-cv-03044-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 16 |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint based on this Court's lack of jurisdiction over Defendant. The Court will grant the motion without prejudice.

## I.   BACKGROUND

For the purposes of this motion, the following allegations from Plaintiff's complaint are taken as true. Plaintiff The American Insurance Company ("TAIC") is a corporation "in the business of providing insurance to companies throughout the United States." ECF No. 1 ("Compl.") ¶ 8. Defendant R&Q Reinsurance ("R&Q"), formerly known as INA Reinsurance, provided "facultative reinsurance" to TAIC. Id. ¶ 9. "Facultative reinsurance involves a transaction between the reinsured ceding company (here, TAIC), or cedant, and a reinsurer (here, R&Q Re), whereby the reinsurer assumes either a portion or the entire portion of loss on a specific policy in exchange for the payment of premiums." Id. ¶ 10. TAIC is incorporated in Ohio and its principal place of business was in California until 2015, when it relocated to Chicago, Illinois. Id. ¶ 10. R&Q is incorporated in and maintains its principal place of business in Philadelphia, Pennsylvania. Id. ¶ 2.

This care arises from "several excess liability policies" placed by TAIC with General Motors Corporation ("GM") between 1976 and 1985, for which TAIC secured

reinsurance with R&Q. Id. ¶ 8. GM was later involved in several lawsuits involving asbestos, and pursuant to GM's TAIC excess liability policies, TAIC paid a share of GM's loss and defense payments, including a settlement in the amount of $3,325,000 and $676,174.82 in claim expenses. Id. ¶ 16. TAIC alleges these payments were covered by their reinsurance agreements with R&Q. Id. "In compliance with its obligations under the Reinsurance Agreements, TAIC provided R&Q with proofs of loss and billings related to the GM risk, and requested payment." Id. ¶ 17. R&Q has refused to pay, "alleging insufficient notice of the GM claims." Id. ¶ 20. TAIC alleges that R&Q currently owes TAIC $1,470,355.83. Id. ¶ 21.

Plaintiff brings two causes of action for breach of contract and for declaratory relief. See id. R&Q filed its Rule 12(b)(2) Motion to Dismiss on July 1, 2016, contending that this Court lacks personal jurisdiction over it. ECF No. 16. TAIC responded on July 15, 2016, ECF No. 22, and R&Q filed its reply on July 28, 2016, ECF No. 26.

## II.     LEGAL STANDARD

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. Id. Uncontroverted allegations in the plaintiff's complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Id. at 800–01. The relevant question, therefore, is the defendant has "at least 'minimum contacts' with [California] such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Id. at 801 (quoting Int'l Shoe Co. v. Washington,

326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). General jurisdiction permits jurisdiction over a defendant even when the claims at issue do not arise from or relate to activity in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985). A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear, 131 S. Ct. at 2851 (quoting Int'l Shoe, 326 U.S. at 317).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear, 131 S. Ct. at 2851 (internal quotation marks omitted). The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." Id. If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id.

### III.   DISCUSSION

Defendant contends that this Court lacks both general and specific personal jurisdiction over it.

Regarding general jurisdiction, there is little dispute that R&Q is not "essentially at home" in California. It states that it "is incorporated, maintains its principal place of business and files its corporate income taxes in Pennsylvania," and that it manages all operations out of its

1   Pennsylvania corporate headquarters.  ECF No. 16 at 5-6.  Plaintiff does not contest these points,
2   and spends little of its brief arguing for general jurisdiction.  It does contend, however, that R&Q
3   maintains "continuous and systematic" relations with California by virtue of its sales business
4   here.  ECF No. 22 at 14.  As support for this, it notes that R&Q "has been registered with the
5   California Secretary of State to do business in California since 1997," that it "maintains a
6   registered California agent for service of process" and that it "has been licensed by the California
7   Department of Insurance to sell insurance in California since 1973."  Id. at 15.[1]  However, Plaintiff
8   offers no case law suggesting that these facts compel a finding of general jurisdiction, and it would
9   be surprising if such a case existed.  As the Supreme Court recently made clear, "[a] corporation
10  that operates in many places can scarcely be deemed at home in all of them.  Otherwise, 'at home'
11  would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in
12  the United States."  Daimler AG v. Bauman, 134 S. Ct. 746, 762 n. 20 (2014).  Accordingly, the
13  Court concludes it lacks general jurisdiction over Defendant.
14          Regarding specific jurisdiction, R&Q contends that this dispute does not arise out of
15  purposeful direction towards, or a transaction that occurred in, California.  ECF No. 16 at 11.  It
16  states that its decision to reject Plaintiff's reinsurance claims were made at its Pennsylvania
17  headquarters, id., and that the underlying agreements themselves were negotiated in Illinois, id. at
18  6.
19          Plaintiff does not dispute these contentions.  Instead, it bases its specific jurisdiction on
20  two separate arguments.  First, it contends that R&Q purposefully "enter[ed] into reinsurance
21  contracts with TAIC, a then California company."  ECF No. 22 at 12.  Second, it argues that R&Q
22  made a number of contacts with TAIC's Northern California office during its investigation of
23  TAIC's claims, including a two-day audit that took place in TAIC's California office and
24  "transmission of numerous e-mails and making telephone calls to TAIC's California offices

---

[1] Plaintiff has also filed a Request for Judicial Notice regarding two documents in relation to R&Q's licenses in California, and available on the California Department of Insurance's website.  ECF No. 22-1.  The Court concludes that these documents are not subject to reasonable dispute because they are available from a publicly available government website and therefore grants the request.  See Fed. R. Evid. 201.

concerning the Reinsurance Claim." Id. at 13.

These arguments are unpersuasive. As Defendants note, the Supreme Court has consistently rejected efforts to establish specific jurisdiction purely through an out of-state defendant's connections with an in-state plaintiff. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." (citation omitted)); id. ("[T]he plaintiff cannot be the only link between the defendant and the forum."); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

Here, Plaintiff's contentions regarding R&Q's contact with California are based exclusively on R&Q's interaction with Plaintiff itself, but the establishment of an agreement with a California entity alone is insufficient for the exercise of specific jurisdiction. So are R&Q's contacts with TAIC during its adjudication of TAIC's claims: TAIC points to R&Q's use of e-mails and telephone calls to discuss TAIC's insurance claim, but these facts add little to the analysis since R&Q could only have resolved TAIC's claim by communicating with TAIC's office in some way. Similarly, a visit to TAIC's office to conduct an audit does not constitute a purposeful direction of activities in that state, especially given that R&Q, according to its reply, only made the trip because TAIC refused to send the relevant files to R&Q's office. ECF No. 26 at 7-8.[2]

---

[2] Finally, the Court takes note of a footnote in R&Q's reply, which states that on April 11, 2016, prior to the filing of this action, R&Q filed a complaint in the Northern District of Illinois that is a "mirror image" of this action, in which R&Q seeks declaratory judgment that it is not obligated to indemnify TAIC. ECF No. 26 at 7 at n.1. It asserts that TAIC moved to transfer the Illinois action to this Court, but that this motion was denied. Id.

The existence of a prior action in another district based on the same allegations raises the possibility that the first-to-file rule should be applied here as additional grounds to decline jurisdiction. See EMC Corp. v. Bright Response, LLC, No. C-12-2841 EMC, 2012 WL 4097707, at *1 (N.D. Cal. Sept. 17, 2012) ("The 'first-to-file' rule is a 'generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been file[d] in another district.'"

**CONCLUSION**

The Court grants Defendant's motion to dismiss for lack of personal jurisdiction. "An order granting such a motion must be accompanied by leave to amend unless amendment would be futile." Knevelbaard Dairies v. Kraft Foods, Inc., 232 F.3d 979, 983 (9th Cir. 2000) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). Because it is not clear that the complaint cannot be amended to add facts establishing personal jurisdiction over the Defendant, the Court grants Plaintiff leave to amend. Any amended complaint must be filed within 21 days of the issuance of this order.

IT IS SO ORDERED.

Dated: October 12, 2016

_____
JON S. TIGAR
United States District Judge

---

(quoting Pacesetter Sys., Inc. v. Medtronic Inc., 678 F.2d 93, 94-95 (9th Cir. 1982)). However, because neither party raised the first-to-file doctrine as an issue in its briefs, the Court does not reach the question.